UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DIEGO MARINO RUIZ, | ) | Case No. 6:13-bk-13023-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION GRANTING**
**TRUSTEE'S MOTION FOR TURNOVER OF LEGAL FEES**

The issue is whether a lawyer can provide a debtor with very limited representation for a reduced fee and without complying the Court's rules. Here, the Passalacqua Law Firm (the "Law Firm") was paid $775 to represent the Debtor, Diego Marino Ruiz, both before and after this Chapter 7 bankruptcy case was filed but did not sign the petition, attend the meeting of creditors with the Debtor, or perform the other minimal duties required of attorneys representing debtors. The Chapter 7 Trustee, Leigh Meininger, objects to this practice and requests an order requiring the Law Firm to disgorge the $775 fee they received.[1] The Law Firm opposes the Trustee's Motion for Turnover arguing that the Debtor agreed to their limited representation.[2] The Court agrees that the Law Firm cannot pick and choose which services they provide to debtors and will grant the Trustee's motion.

Mr. Ruiz signed a voluntary Chapter 7 bankruptcy petition[3] under penalty of perjury indicating he had no lawyer and then filed it with the Court on October 22, 2013. On the Debtor's Statement of Financial Affairs, the Debtor listed a payment of $775 to the Law Firm for

---

[1] Doc. No. 11. The Trustee asks the Law Firm to pay the $335 filing fee and to return the $440 balance to the Debtor.
[2] Doc. No. 14 at 2.
[3] Doc. No. 1.

limited representation and document preparation.[4] The Debtor also filed a Disclosure of Compensation of Attorney.[5] This Disclosure reflected a payment made by the Debtor for $775 for legal services that, the Court notes, included representation at the meeting of creditors.

The Limited Representation Agreement between the Debtor and the Law Firm required the attorneys to provide services to the Debtor both *before* and *after* the bankruptcy case was filed.[6] The Law Firm specifically agreed to prepare all papers required to start a Chapter 7 case, including all schedules and statements, and then to deliver them to the Debtor for filing. They also agreed, *after the case was filed*, to help the Debtor gather documents, such as bank statements, the Trustee may request and "to continue to guide and assist the client with any question or situation that would arise until the discharge was received."[7] The Law Firm inconsistently agreed, on one hand, to provide full representation to the Debtor, but, on the other hand, refused to formally appear in the case, sign the petition, attend the meeting of creditors with the Debtor, or provide the normal legal services required of attorneys representing debtors in Chapter 7 bankruptcy cases.

The Trustee in his Motion for Turnover[8] argues that an attorney cannot provide this limited representation to a Chapter 7 debtor and that, in this case, the proper remedy is for the Law Firm to disgorge their $775 fee to pay the Debtor's filing fee ($335)[9] and to return the balance ($440) to the Debtor. The Law Firm, in response, argues that, although they provide

---

[4] Doc. No. 1 at 28.
[5] Doc. No. 1 at 46.
[6] Doc. No. 17, Exh. 1.
[7] Doc. No. 17 at 3.
[8] Doc. No. 11. A hearing was held on the Trustee's Motion for Turnover and the Law Firm's Response (Doc. No. 17) on February 13, 2014.
[9] The Debtor previously asked this Court to waive payment of his filing fee. (Doc. No. 2.) The Court granted this request. (Doc. No. 7.) Later, the Trustee objected to this fee waiver arguing that, if the Debtor can pay $775 to an attorney, the Debtor can pay his filing fee. The Court agrees and will sustain the Trustee's objection, vacate the order granting the waiver of the filing fee, and directing the Debtor to pay the $335 fee. As explained later in this Memorandum Opinion, the actual payment of the fee will come from the disgorgement of the Law Firm's $775 fee.

fewer services, they cost less and give poorer debtors the ability to get valuable, albeit limited, legal advice.

The question before the Court is whether an attorney can provide services for consultation and preparation of the bankruptcy petition and related papers but then cause the debtor to file *pro se* without making an appearance or representing the debtor at the meeting of creditors. Instead of traditional representation, where a lawyer handles a case from start to finish, limited scope representation, also known as "unbundling" or "discrete task representation," involves representation in which a lawyer performs some, but not all, of the work.

Attorneys practicing before this Court are governed by the Florida Rules of Professional Conduct.[10] Florida Rule 4-1.2(c) permits the unbundling of legal services in some circumstances:

> **If not prohibited by law or *rule***, a lawyer and client may agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing. If the attorney and client agree to limit the scope of the representation, the lawyer shall advise the client regarding applicability of the rule prohibiting communication with a represented person.[11]

Local Rule 9011-1,[12] in turn, governs the duties of attorneys who file a petition on a debtor's behalf and provides that "[u]nless allowed to withdraw from a case . . . by order of the Court . . . counsel filing a petition on behalf of a debtor shall attend all hearings scheduled in the case or proceeding at which the debtor is required to attend . . . ."[13] Local Rule 2091-1 further provides that an attorney who files a petition for a debtor cannot later withdraw from the case except by

---

[10] *See generally* R. Regulating Fla. Bar 4 *et seq.*
[11] R. Regulating Fla. Bar 4-1.2(c) (emphasis added).
[12] Local Rule 1001-1(e) of the United States Bankruptcy Court for the Middle District of Florida provides that the Rules for the United States Bankruptcy Court for the Middle District of Florida shall be cited as "Local Rules."
[13] Local Rule 9011-1.

order of the court, "after fourteen days' notice served on the client and parties in interest affected thereby, and to opposing counsel."[14] Because Florida Rule 4-1.2(c) acknowledges that Courts can limit an attorney's ability to "unbundle" or limit services by law or local rule, the issue is whether the Law Firm's limited representation violated Local Rule 9011-1. If it did, Florida Rule 4-1.2(c) also prohibits the arrangement.

The language found in Local Rule 9011-1 specifically refers to "counsel filing a petition on behalf of a debtor."[15] Although no attorney signed the petition, the Law Firm admittedly represented the Debtor, prepared all the papers submitted by Mr. Ruiz, and continued to advise the Debtor *after* the filing. Their own Disclosure of Compensation moreover noted that their $775 fee was in exchange for legal services including, but not limited to, the "preparation and *filing of any petition*."[16] The Law Firm cannot evade their responsibilities under Local Rule 9011-1 by doing all the work and then giving the Debtor the papers to file falsely pretending he is acting *pro se*.

The Law Firm was obligated to sign and is deemed to have filed the Debtor's petition. As such, their attempt to limit their services is prohibited by Local Rule 9011-1 and violates Florida Rule 4-1.2(c).

In a case factually similar to this one, *In re Merriam*,[17] the United States Trustee sought disgorgement of legal fees paid to the debtor's attorney arguing the fees were unreasonable because the attorney did not sign the debtor's petition. In ruling that the attorney had to sign the

---

[14] Local Rule 2091-1 states, in pertinent part, that "[E]xcept as otherwise provided in this Local Rule or by order of the Court, no appearance by an attorney may be withdrawn in any case or proceeding except by leave of Court, after fourteen days' notice served on the client and parties in interest affected thereby, and to opposing counsel." Local Rule 2091-1(a).
[15] Local Rule 9011-1.
[16] Doc. No. 1 at 46 (emphasis added).
[17] 250 B.R. 724 (Bankr. D. Colo. 2000).

petition under Bankruptcy Rule 9011,[18] the bankruptcy court stated, "When an attorney has the client sign a pleading that the attorney prepared, the attorney creates the impression that the client drafted the pleading. This violates both Rule 11 and the duty of honesty and candor to the court."[19] An attorney's involvement and signature on a petition confirms the accuracy and legal sufficiency of the statements made.[20] Conversely, courts routinely interpret the pleadings of *pro se* litigants with leniency, and so, "[t]he failure of an attorney to sign a petition he or she prepares potentially misleads the Court, the trustee and creditors, and distorts the bankruptcy process."[21]

In *In re Castorena*,[22] the debtors' attorney similarly attempted to limit his responsibilities by declining to formally appear as the debtors' attorney of record. Concluding that the attorney not only was required to sign the petition but also was required to attend the meeting of creditors, the bankruptcy court stated, "This Court agrees that there is no excuse for a lawyer, who counsels a debtor regarding a bankruptcy and prepares that debtor's petition, schedules and related documents, to fail to sign the petition. The attorney is responsible for what appears in such pleadings, and his signature is a required certification under Rule 9011(b)."[23]

Espousing a similar view, this Court has previously held that:

> Attorneys representing individual debtors in consumer cases filed under Chapter 7 of the Bankruptcy Code have certain essential duties they must perform. They must help debtors file the necessary petition, schedules, statements, and pleadings. They must attend the scheduled meeting of creditors . . . attorneys representing consumer debtors must advise and assist their clients in complying with their responsibilities assigned by Section 521 of the Bankruptcy Code . . . . If an attorney cannot perform these

---

[18] Federal Rule of Bankruptcy Procedure 9011 states, in pertinent part, that "every petition . . . shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers." Fed. R. Bankr. P. 9011(a). By signing the paper, the attorney or unrepresented individual makes certain representations to the Court regarding the content. Fed. R. Bankr. P. 9011(b)(1)-(4).
[19] *Merriam*, 250 B.R. at 733.
[20] *Id*. at 733.
[21] *Id.*
[22] 270 B.R. 504 (Bankr. D. Idaho 2001).
[23] *Castorena*, 270 B.R. at 515.

>necessary duties, the attorney should not accept bankruptcy cases.[24]

Accordingly, the Court finds that the Law Firm was required to sign the petition, formally appear in this case, and to handle the normal duties addressed by counsel of Chapter 7 debtors, such as attending the meeting of creditors and advising them on routine issues, including whether they should reaffirm a debt. The Court cannot think of a situation where an attorney could reasonably conclude that attendance at the meeting of creditors would *not* be useful to the client.[25]

Mr. Ruiz is 82 years old and, according to the Law Firm, is in deteriorating health. Rather than sitting by his side as the Trustee asked him questions during his meeting of creditors, the Law Firm abandoned him. They accepted his money but failed to provide the services and support he needed. For these reasons, the Court concludes that a limitation on representation that excludes attendance at the meeting of creditors and other fundamental duties is not reasonable under the circumstances, and, thus, is further prohibited under Florida Rule 4-1.2(c).[26]

The purpose of our Local Rules 9011-1 and 2019-1 is to make sure that lawyers do not abandon a client during an on-going case or proceeding. In this respect, the judges in the Middle District of Florida consistently have interpreted the Local Rules as meaning "in for a penny, in for a pound!" An attorney cannot do some, but not all, of the tasks a debtor needs, unless they ask the Court to withdraw and the Court agrees. The Law Firm must sign the Debtor's petition

---

[24] *In re DeSantis*, 395 B.R. 162, 169 (Bankr. M.D. Fla. 2008).

[25] *See In re Johnson*, 291 B.R. 462 (Bankr. D. Minn. 2003) (observing that meetings of creditors are core events in every bankruptcy case and that "it is difficult to fathom a basic, original retainer not including counsel's attendance and representation at the 341 meeting, in every case").

[26] Even if Local Rule 9011-1 in combination with Fed. R. Bankr. P. 9011(a) does not require the Law Firm to sign the Debtor's petition and formally appear in this case, Florida Rule 4-1.2(c) still requires that the limitation on services be "reasonable under the circumstances." R. Regulating Fla. Bar 4-12(c). Here, I would specifically find that the limitations, as proposed by the Law Firm, are **not** reasonable under the circumstances.

and is governed by Local Rule 9011-1.  They cannot limit their services by agreement but must seek approval from the Court before they can "unbundle" or reduce their responsibilities.[27]

The Law Firm in response relies on the recent Eleventh Circuit case of *In re Hood* to excuse their failure to sign the Debtor's bankruptcy petition and for the proposition that preparing a petition on behalf of debtor who then appears *pro se* is not considered impermissible ghostwriting.[28]  In *Hood*, a client met with a law firm to discuss foreclosure defenses.  During that meeting, the law firm also discussed the benefits of filing bankruptcy with the client.  Allegedly unable to afford the law firm's services for both the foreclosure defense and bankruptcy, the client paid the law firm a retainer for work on the foreclosure defense.  On the same day, a courier filed a *pro se* Chapter 13 petition with the bankruptcy court on the client's behalf.

The client later claimed that he did not know of the bankruptcy petition filed on his behalf.  The law firm, however, maintained that the firm's secretary acted as a scrivener when she prepared the petition upon the client's request, writing the client's oral responses on the petition.  The bankruptcy court held that the law firm prepared the client's Chapter 13 petition as ghostwriters by failing to sign the petition and made false or fraudulent representations to the court.[29]  The district court affirmed.

The Eleventh Circuit began its analysis by looking at Rule 4-1.2(c) of the Florida Rules of Professional Conduct discussed above that allows a lawyer and client to limit the scope of representation if the limitation is reasonable under the circumstances and is not prohibited by law

---

[27] The Court notes that withdrawals are often granted if unusual or unexpected issues or litigation arise during a case.

[28] *Torrens v. Hood (In re Hood)*, 727 F.3d 1360 (11th Cir. 2013).

[29] Specifically, the bankruptcy court held that the law firm violated 11 U.S.C. § 527 and 528(a)(1), the Florida Rules of Professional Conduct 4-3.3(a)(1) and 4-4.8(c) and possibly 18 U.S.C. § 157(3).

or rules.[30]  Focusing on the word "drafting," the Eleventh Circuit determined that to "draft" means to write or compose.[31]  Because the law firm merely filled in the blanks on the pre-formatted Chapter 13 petition, as opposed to writing a substantive brief, the court found that the law firm did not "draft" the petition within the meaning of the Florida Rule.[32]  Therefore, the law firm had no obligation to indicate that the petition was prepared with the assistance of counsel, which, in that case, it was not.  A secretary merely filled in blanks on a form.  For these reasons, the Eleventh Circuit, in a very limited holding, concluded that the law firm did not commit fraud in violation of the Florida Rules of Professional Conduct.[33]

The Eleventh Circuit limited its decision in *Hood* to the unique factual circumstances of that case.  In other words, the Court limited its ruling to the issue of whether the law firm perpetrated fraud on the court.[34]  Unlike *In re Hood*, in this case, there are no allegations of actual fraud.  Furthermore, the Eleventh Circuit did not address whether the law firm was obligated to sign the petition under Federal Rule of Bankruptcy Procedure 9011 or Local Rule 9011-1, as discussed above in this Memorandum Opinion.

As opposed to the facts in *Hood*, the Law Firm here did much more than simply "fill in the blanks."  They advised Mr. Ruiz on the type of bankruptcy he should file, ultimately selecting Chapter 7.  They advised him on many complicated issues such as which assets to list and which to exclude from his bankruptcy schedules, which assets to retain and which to surrender.  They advised him in selecting which exemptions from creditor claims were available to him under Florida and Federal law.  They informed him of his options in completing his Statement of Financial Affairs that asks numerous, complicated questions regarding his financial

---

[30] *In re Hood*, 727 F.3d at 1364.
[31] *Id.* at 1364 (citing *Black's Law Dictionary* (9th ed. 2009)).
[32] *Id.*
[33] *Id.* at 1365.
[34] *Id.* at 1364 ("We first note that while this court has not addressed the propriety of ghostwriting, we do so today only as ghostwriting applies to the factual circumstances of the present case.").

history over the last six or more years.  They agreed to help Mr. Ruiz both before and after the bankruptcy case was filed.  This type of legal advice is not cookie-cutter, "fill in the blanks" work, even if a debtor currently is impoverished and has a simple financial history.  The Eleventh Circuit's decision in *Hood* simply is inapplicable.  The work performed for Mr. Ruiz by the Law Firm is in no way similar to the work performed for Mr. Hood.

In this case, the Law Firm entered into a Limited Representation Agreement with the Debtor prohibited by Florida Rule of Professional Conduct 4-11.2(c).  They failed to sign the petition, failed to formally appear in the case or directly file the petition, and failed to attend the meeting of creditors or provide other necessary services to the Debtor in violation of Local Rule 9011-1.  The proper remedy is to grant the Trustee's Motion for Turnover.  The Law Firm shall pay Mr. Ruiz's filing fee of $335 and return the balance of their fee of $440 directly to Mr. Ruiz within 14 days.  The Law Firm is cautioned to comply with the scope of this Memorandum Opinion in representing parties in future bankruptcy cases.  A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, September 5, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Trustee, Leigh R. Meininger, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.